**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARCUS RYAN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:26-cv-02289-S** |
| | § | |
| **FUTURE MOTION, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**<u>FUTURE MOTION, INC.'S ANSWER TO AMENDED COMPLAINT</u>**

Defendant Future Motion, Inc. ("Future Motion" or "Defendant") hereby answers the Amended Complaint of Plaintiff Marcus Ryan ("Ryan" or "Plaintiff") by denying each and every matter, allegation and thing contained in the Amended Complaint, except as hereinafter admitted, qualified, or otherwise stated, with respect to each numbered paragraph as follows:

## I. PARTIES

1. On information and belief, Defendant admits the allegations in Paragraph 1 of Plaintiff's Amended Complaint.

2. Defendant admits the allegations in Paragraph 2 of Plaintiff's Amended Complaint.

## II. STANDING AND CAPACITY

3. Defendant states that Paragraph 3 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies.

## III. JURISDICTION

4. Defendant states that Paragraph 4 calls for a legal conclusion to which no response is required. However, Defendant admits that the court has jurisdiction over this Civil Action.

## IV. STATEMENT OF CLAIM

5. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

## V. ALLEGATIONS AGAINST DEFENDANT FUTURE MOTION, INC.

8. Defendant admits it designs, manufactures and sells Onewheel products, but is without sufficient information as to the Board at issue to respond to the balance of Paragraph 8.

9. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint with regard to the board at issue, and further deny that the board is defective in any way.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint and specifically denies that the motorized board was defective in any way.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint and specifically denies that the subject motorized board was defective in any way.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint, including subparts (a)-(i).

19. Defendant states that Paragraph 19 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies.

20. Defendant states that Paragraph 20 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies.

21. Defendant states that Paragraph 21 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies.

22. Defendant states that Paragraph 22 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies.

23. Defendant states that Paragraph 23 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint, including subparts (a)-(b).

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

## VI. DAMAGES

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint, including that Plaintiff is entitled to any damages from Defendant, including those in subparts (a)-(k).

## VII. CONDITIONS PRECEDENT

31. No response is required to the allegations in Paragraph 31 of Plaintiff's Amended Complaint. To the extent a response is required, Defendant denies.

## VIII. JURY TRIAL REQUEST

32. Defendant admits that a jury has been requested, but is without sufficient information to admit or deny that a jury fee has been paid.

## IX. PRAYER

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint, including that Plaintiff is entitled to any damages from Defendant.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's alleged injuries and damages, if any, were the result of Plaintiff's own negligence, carelessness, inattention, or otherwise wrongful and unsafe acts, including, but not limited to, his failure to follow the instructions and warnings provided to him by Defendant in the on-product labels, the operator's manual, other point of purchase materials, and other materials which were the sole or contributing proximate and producing cause of Plaintiff's injuries, if any; therefore, judgment should be entered in favor of Defendant or, in the alternative, Plaintiff's alleged damages should be reduced proportionately or barred in accordance with the principles of comparative negligence and under Texas Rev. Civ. Prac. & Rem. Code Ann. Ch. 33. By this affirmative defense, Defendant in no way admits to negligence.

3. Defendant states that the injuries and damages alleged were the result, in whole or in part, of the actions/fault of third parties, over whom or which this Defendant had no dominion or control, including but not limited to anyone who a) altered or changed the Onewheel that Plaintiff was allegedly operating at the time of his accident after said Onewheel left Defendant's possession; b) failed to follow warnings and instructions relative to the use of the subject Onewheel; and c) improperly performed any type of maintenance, service and/or repairs on the subject Onewheel; in any manner or to any degree prior to the subject incident, and that such party/parties was/were the sole or contributing proximate or producing cause of all or part of the damages suffered by the Plaintiff, if any. Defendant, therefore, invokes the doctrine of comparative causation and proportionate responsibility as set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

4. Plaintiff knowingly and intentionally assumed the risks and hazards of his conduct by engaging in the acts alleged in Plaintiff's Amended Complaint. By voluntarily undertaking to

engage in the conduct alleged, Plaintiff elected to accept such possible risks of personal injury in both the primary and secondary sense, thus barring or reducing any recovery herein.

5. Plaintiff's damages, if any, were the result of an open and obvious risk of which the Plaintiff was or should have been aware and, accordingly Plaintiff's claims are barred.

6. If Plaintiff suffered damages as a result of the allegations set forth in the Amended Complaint, then the incident, injuries and damages were not sustained by reason of the conduct of the Defendant, but rather were the result of acts or omissions of third parties, including, but not limited to, Plaintiff, over which Defendant has no control and/or was the result of intervening and superseding acts or omissions of others, for which Defendant can in no way be held liable.

7. Plaintiff's claims are barred in whole or in part because none of the alleged acts or omissions of Defendant were the actual or proximate cause of the incident or the alleged injuries and damages sustained by Plaintiff, if any.

8. Plaintiff's causes of action are barred by the "sophisticated user," "sophisticated intermediary," "knowledgeable user" or "knowledgeable intermediary" doctrine.

9. The Onewheel was reasonably safe and was not in a defective nor unreasonably dangerous condition at the time it left Future Motion's control and, as such, the Plaintiffs' claims are barred.

10. At the time the Onewheel left Future Motion's control, the product met or exceeded all applicable standards, regulations, and laws and met the then prevailing state of the art and, as such, Plaintiffs' claims are barred.

11. At the time the Onewheel, including its component parts, left Future Motion's control, a practical and technically feasible alternative design was not available that would have

prevented the alleged harm for which Plaintiffs seek to recover without substantially impairing the usefulness, desirability or intended purpose of the Onewheel.

12. Plaintiffs failed to follow the warnings and instructions provided by Future Motion regarding the proper operation of the Onewheel and as such, Plaintiffs' claims are barred.

13. Plaintiff's damages, if any, must be set off against any prior judgments, settlements, or any other payments Plaintiff has obtained from another party for claims arising from the incident described in Plaintiff's Amended Complaint.

14. To the extent that Plaintiff has failed to mitigate damages, Plaintiff's claims are barred.

15. Plaintiff's claims may be barred by the defenses of release, estoppel, laches, and/or waiver.

16. If Plaintiff or any other party has failed or fails to preserve evidence pertaining to the allegations stated in Plaintiff's Amended Complaint, then Plaintiff and/or the other party may not introduce evidence related to or based upon such lost, destroyed or altered evidence, therefore some or all of the claims asserted by Plaintiff and/or any other party may be barred.

17. Defendant owed Plaintiff no duty of care and, therefore, Plaintiff's claims are barred.

18. All products sold by Defendant were not defective or unreasonably dangerous when they left the possession of Defendant.

19. Plaintiff's claims are barred in that the design of the subject Onewheel in question was consistent with the state of the art at the time the subject Onewheel was manufactured. In addition, if the subject Onewheel in question was in fact sold or manufactured by Defendant, Defendant complied with any and all federal or state statutes or administrative regulations in

existence at the time of the manufacture of the subject Onewheel and Defendant is thus entitled to a presumption that the subject Onewheel was not in an unreasonably dangerous condition at the time it left the control of Defendant.

20. Future Motion asserts any and all claims for indemnity under Tex. Civ. Prac. & Rem. Code Ann. § 82.002 against the manufacturer of any part of the Onewheel or components at issue that were not manufactured by Future Motion, to the extent Future Motion is an innocent seller.

21. If the Onewheel was subject to abuse, misuse and/or unforeseeable modification and/or alteration after the product left Future Motion's control and, as such, Plaintiffs' claims are barred.

22. Further answering, alternatively, and by way of affirmative defense, Plaintiff's medical expenses should be limited to those actually paid or incurred on behalf of Plaintiff pursuant to Texas Civil Practice & Remedies Code § 41.0105.

23. Defendant reserves the right to amend this Answer and assert additional defenses and/or supplement, alter or change its Answer and Affirmative Defenses upon the discovery of more definitive facts and upon completion of continuing investigation and discovery into the matters complained of in Plaintiff's Amended Complaint.

57. Further answering, alternatively, and by way of an affirmative defense, to the extent that Plaintiff was insured and entitled to health insurance benefits at any time relevant to this suit but chose, instead, to seek care outside of Plaintiff's approved provider network and/or possibly personally incur health care expenses by not timely submitting bills to Plaintiff's health insurer, Plaintiff failed to mitigate Plaintiff's damages, pursuant to Texas Civil Practice & Remedies Code §146.003. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or

refused to timely and directly bill Plaintiff's insurer and/or health benefit plan for health care services provided to Plaintiff and/or for healthcare expenses incurred by Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of Plaintiff. TEX. CIV. PRAC. & REM. CODE §146.001, et seq.

58. Further answering, alternatively, and by way of an affirmative defense, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, Plaintiff must present evidence to prove the loss in the form of a net loss after reduction for income tax payments or unpaid tax liability, as required by Section 18.091 of the Texas Civil Practice and Remedies Code.

59. Further answering, alternatively, and by way of an affirmative defense, Defendant is entitled to a credit or offset in the amount of any payment, recovery, or settlement that Plaintiff obtains or has obtained from any party to compensate Plaintiff for injuries about which Plaintiff complains.

60. Further answering, alternatively, and by way of an affirmative defense, the amount of any pre-judgment and post-judgment interest awarded in this case against Defendant, if any, is limited and/or subject to the limitations set forth in common law, statute, state and federal constitutions, the Texas Finance Code, and/or the Texas Civil Practice and Remedies Code.

61. Further answering, alternatively, and by way of an affirmative defense, Plaintiff's claims for punitive and exemplary damages are barred and/or limited by the Due Process Clause of both the United States and Texas Constitutions. Defendant further states that an award of punitive or exemplary damages would constitute the imposition of a criminal penalty without safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution

of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies Defendant equal protection of laws under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments. Defendant pleads that any claims by Plaintiff for exemplary or punitive damages should be stricken as unconstitutional and any award of exemplary or punitive damages should be set aside for the reasons stated above.

62. Further answering, alternatively, and by way of an affirmative defense, Plaintiff's claims for punitive and exemplary damages are barred and/or limited by the damages cap found in Chapter 41 of the Texas Civil Practice & Remedies Code.

**DEMAND FOR JURY TRIAL**

Defendant demands trial by jury on all issues so triable.

**FUTURE MOTION, INC.'S PRAYER FOR RELIEF**

WHEREFORE, Future Motion, Inc. respectfully requests that the Court enter judgment against Plaintiff as follows:

1. The Amended Complaint be dismissed in its entirety and that judgment be entered against Plaintiff and in favor of Future Motion, Inc.;

2. Future Motion, Inc. be awarded costs and expenses; and

3. The Court awards Future Motion, Inc. any other and further relief as the Court may deem just and proper.

Dated:

QUILLING SELANDER LOWNDS
WINSLETT & MOSER PC

By: /s/ */s/ Mark S. Scudder*

Mark Scudder
Texas Bar No. 17936300
2200 Ross Avenue, Suite 2400
Dallas, TX 75201
Telephone: 214-880-1804
mscudder@qslwm.com

and

NILAN JOHNSON LEWIS PA
John J. Wackman
*Pro Hac Vice forthcoming*
250 South Marquette Avenue, Suite 800
Minneapolis, MN 55401
Telephone: (612) 305-7500
Facsimile: (612) 305-7501
jwackman@nilanjohnson.com

*Attorneys for Defendant*
*Future Motion, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record electronically via ECF, on August 24, 2026.

Judson Daws, Esq.
DAWS LEGAL, PLLC
State Bar No. 24101682
6160 Warren Parkway, Ste. 100
Frisco, TX 75034
P: (972) 970-9580
F: (972) 970-9520
E: judson@dawslegal.com

*Attorney for Plaintiff*

/s/ *Mark S. Scudder*